IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MARIA FOUNTAIN,

    Plaintiff,

v.

                  CV 114-127

UNITED STATES OF AMERICA,

    Defendant.

# O R D E R

Two motions are currently before the Court: (1) Defendant's motion to dismiss (doc. 30); and (2) Plaintiff's motion to strike (doc. 36). For the reasons discussed below, Defendant's motion is **GRANTED in part and DENIED in part**, and Plaintiff's motion is **DENIED**.

## I.   Background[1]

Plaintiff Maria Fountain is a United States Army veteran, who was stationed at Fort Gordon from 1997 through 1999. While stationed there, Plaintiff entered into a contract with Fort

---

[1] Unless otherwise noted, the Court takes the factual background from Plaintiff's complaint.

Gordon relating to storing her recreational vehicle ("RV") there. She apparently stored her vehicle there until 2012 when Fort Gordon employees determined that the RV should be removed from the storage lot. Plaintiff claims that her RV was wrongfully removed from the lot and that Fort Gordon employees damaged her vehicle when they removed it from the lot.

Plaintiff initiated this case in this Court, alleging tort claims and a breach-of-contract claim. Defendant moved to dismiss the claims because, among other things, this Court lacks jurisdiction over certain contract claims against the government. Plaintiff then amended her complaint to remove the breach-of-contract claims. Defendant has now filed a second motion to dismiss, or in the alternative, motion for summary judgement. Plaintiff has filed a motion to strike exhibits filed by Defendant.

## II. Discussion

### 1. Plaintiff's Original Breach-of-Contract Claims

As noted, Plaintiff's original complaint sought recovery based on a breach of contract, while Plaintiff's amended complaint alleges only claims that Plaintiff maintains sound in tort. Accordingly, Plaintiff has abandoned her express breach-of-contract claims. In her amended complaint, however, Plaintiff requests that the Court dismiss her breach-of-contract

claim without prejudice. For the sake of clarity, the breach-of-contract claims asserted in Plaintiff's original complaint are **DISMISSED WITHOUT PREJUDICE**.

**2. Plaintiff's Remaining Claims**

In her amended complaint, Plaintiff essentially seeks to hold Defendant liable for negligently damaging her RV when its employees removed it from the storage facility, for negligently hiring and retaining incompetent employees, for not giving her proper notice that her RV was being removed, and for Defendant negligently maintaining its records. Defendant moves to dismiss Plaintiff's amended complaint. Defendant first argues that all of Plaintiff's alleged negligence claims are actually breach-of-contract claims that must be brought in the Court of Federal Claims. Alternatively, Defendant argues that Plaintiff's alleged negligence claims fail under exceptions to the Federal Tort Claims Act ("FTCA") because: (1) any damage done to her RV was done by an independent contractor; (2) she raises claims based on misrepresentations; and (3) her claims based on negligent hiring and retention fall under the discretionary-function exception to the FTCA.

### a. Whether Plaintiff's tort claims should be considered breach-of-contract claims

Claims against the United States exceeding $10,000 based on contracts with the United States must be brought in the Court of Federal Claims. 28 U.S.C. § 1491(a)(1); Friedman v. United States, 391 F.3d 1313, 1315 (11th Cir. 2004) ("We have held that this provision . . . requires that claims against the United States for amounts in excess of $10,000 founded on contracts with the United States must be brought in the Court of Claims."). And a plaintiff may not avoid this jurisdictional requirement by artfully labelling contract claims as tort claims. Friedman, 391 F.3d at 1315.

Both parties admit that, at some point, they entered into a contract that affected their relationship with respect to storing Plaintiff's RV. And Defendant maintains that Plaintiff's tort claims arise from the contract. Specifically, Defendant argues that the contract "would [] strictly govern" whether Defendant impermissibly towed the RV. (Doc. 30 at 12.) Defendant, however, has not produced a copy of Plaintiff's contract, and at this stage of the litigation, there is no evidence on the record of the terms of the contract. Instead, for "illustrative purposes only," Defendant has provided the Court with a copy of a contract that was in effect at the time Plaintiff entered into a contract with Defendant. (Id. at 3

4

n.4.)[2]  Defendant, however, has not established the terms of Plaintiff's contract.

Accordingly, Defendant essentially asks the Court to rule as a matter of law that Plaintiff's tort claims arise out of a contract between the parties based solely on the fact that the parties admit that a contract exists. The Court declines to do so. Defendants may be correct, and Plaintiff's allegations may be governed entirely by a contract. But discovery in this matter has not occurred and there is no evidence on the record establishing the terms of the contract. To the extent Defendant argues that Plaintiff's tort claims arise out of a contractual relationship between the parties, Defendant's motion is **DENIED**.

### b. Whether Plaintiff's claims for damage to her RV fall under the independent-contract exception to the FTCA

The FTCA provides a limited waiver of the United States' sovereign immunity. JBP Acquisitions, LP v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000). The FTCA also provides for several exceptions to the limited waiver of immunity, including an exception for acts committed by independent contractors. Phillips v. United States, 956 F.2d 1071, 1077 (11th Cir. 1992). Under this exception, "the United

---

[2] Although Defendant maintains that it provided this contract for illustrative purposes, it nonetheless refers to a document incorporated into the illustrative contract (doc. 30, ex. c) to explain the terms of the contract and the procedures for removing a vehicle and to explain why Defendant removed Plaintiff's RV. For obvious reasons, the Court declines to bind Plaintiff to another party's contract.

5

States may not be held derivatively or vicariously liable for the acts of independent contractors." Id. at 1077.

Under this theory, Defendant argues that a separate entity, Vern's Towing, removed Plaintiff's RV from the storage lot. And Defendant has presented evidence that Vern's Towing was acting as an independent contractor. Defendant has also presented evidence that shows that none of Defendant's employees was involved in the towing, so any damage to Plaintiff's RV was done by Vern's Towing. Essentially, Defendant moves for summary judgment on the issue of whether Vern's Towing was acting as an independent contractor. Indeed, Defendant notes that "there are no facts that would give rise to an inference that employees of Vern's Towing were employees of the United States . . . ." (Doc. 30 at 15.) The Court declines to grant Defendant's motion on this issue. First, Plaintiff's complaint alleges that Defendant's employees were involved in damaging her RV, not that Defendant is liable for Vern's Towing's negligence. Moreover, the parties have not yet conducted discovery in this case, and the Court declines to view the evidence presented by Defendant on this issue without first allowing Plaintiff an opportunity to conduct discovery. Accordingly, the Court **DENIES** Defendant's motion on this issue.

### c. Whether Plaintiff's claims based on Defendant's negligent hiring and retention fall under the discretionary-function exception

Defendant also argues that Plaintiff's claims for negligent hiring and retention fall under the discretionary-function exception of the FTCA. "The discretionary function exception excludes from the FTCA's broad waiver of sovereign immunity '[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function . . . .'" U.S. Aviation Underwriters, Inc. v. United States, 562 F.3d 1297, 1299 (11th Cir. 2009) (quoting 28 U.S.C. § 2680(a)).

To determine whether the discretionary-function exception applies, courts apply a two-part test. Id. "First, the court must examine whether the challenged conduct is 'discretionary in nature' or whether the conduct 'involve[s] an element of judgment or choice.'" Id. (quoting United States v. Gaubert, 499 U.S. 315, 322 (1991)). "Second, the court must decide 'whether that judgment is of the kind that the discretionary function exception was designed to shield,' i.e., whether it is 'susceptible to policy analysis.'" Id. "A function is non-discretionary 'if a federal statute, regulation, or policy specifically prescribes a course of action . . . .'" Id. "If the decision is inherently one allowing discretion, [courts] presume that the act was grounded in policy whenever that

7

discretion is employed." Id. (citation omitted) (internal quotation marks omitted).

Although the Eleventh Circuit does not appear to have decided the issue, "[c]ourts have consistently held that governmental action regarding employment and termination are an exercise of policy judgment and fall within" the discretionary-function exception. Brons v. United States, No. 1:14-cv-00864-WSD, 2015 WL 630433, at *4 (N.D. Ga. Feb. 12, 2015); see also Echevarria-de-Pena v. United States, No. 12-22248, 2013 WL 616932, at *3-4 (S.D. Fla. Feb. 19, 2013) (granting a motion to dismiss on a claim based on negligent training because "negligent training is clearly conduct that falls within the discretionary function exception").

In this case, Plaintiff's claim fails even a facial challenge to jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[3] It is Plaintiff's burden to "plead[] facts that facially allege matters outside of the discretionary function exception." Willett v. United States, 24 F. Supp. 3d 1167, 1178-79 (M.D. Ala. 2014) (citation omitted) (internal quotation marks omitted); see also Douglas v. United States, __ F.3d __,

---

[3] Rule 12(b)(1) allows defendants to challenge subject-matter jurisdiction facially and factually. Willet v. United States, 24 F. Supp. 3d 1167, 1173 (M.D. Ala. 2014). As noted above, Plaintiff's claim fails a facial challenge. Defendant has also attacked Plaintiff's claim factually, but the Court declines to reach the merits of that argument because, again, no discovery has taken place. See Douglas v. United States, __ F.3d __, 2016 WL 791232, at *3 (11th Cir. 2016).

2016 WL 791232, at *4 (11th Cir. 2016) ("At the pleading stage, Mr. Douglas must allege a plausible claim that falls outside the discretionary function exception."). Plaintiff's amended complaint alleges only that Defendant negligently hired and retained employees without any supporting facts. In response to Defendant's motion to dismiss, Plaintiff has provided essentially no argument in opposition of Defendant's position.[4] Accordingly, the Court **GRANTS** Defendant's motion on this issue.

### d. Whether Plaintiff's claims based on misrepresentations and false allegations fail

Under the FTCA, the United States does not waive immunity with respect to claims arising out of misrepresentations. 28 U.S.C. § 2680(h). "The test in applying the misrepresentation exception is whether the essence of the claim involves the government's failure to use due care in obtaining and communicating information." JBP Acquisitions, LP v. United States ex rel. FDIC, 224 F.3d 1260, 1264 (11th Cir. 2000).

Defendant argues that some of Plaintiff's claims are based on alleged misrepresentations by Defendant. In her response brief, Plaintiff affirms Defendant's argument and notes that she claims to have been harmed by false allegations that arise from Defendant's failure to keep records. (Doc. 35 at 1.) Yet, in a

---

[4] In her sur-reply, Plaintiff argues that Defendant was bound by regulations, but does not specify the regulations or how they bound Defendant.

separate section of her brief, Plaintiff maintains that none of her claims is based on misrepresentations. (Id. at 8.)

Although it is not entirely clear that Plaintiff has alleged a claim based on a misrepresentation, to the extent that she has, the Court **GRANTS** Defendant's motion on the issue because the Court lacks subject-matter jurisdiction over claims based on misrepresentations.

### 3. Plaintiff's Motion to Strike

Plaintiff has moved to strike a number of exhibits as inadmissible. Because the Court has not relied on any of the evidence Defendant has produced, Plaintiff's motion is **DENIED AS MOOT**.

### III. Conclusion

For the reasons discussed above, Defendant's motion to dismiss (doc. 30) is **GRANTED in part and DENIED in part**, and Plaintiff's motion to strike (doc. 36) is **DENIED**. Additionally, the Court **DENIES AS MOOT** Plaintiff's motion to stay (doc. 46).

**ORDER ENTERED** at Augusta, Georgia this 14th day of April, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

10