IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARIA FOUNTAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-127 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

Before the Court is Plaintiff's motion for leave to serve additional requests for admission upon Defendant in relation to her claim that Defendant wrongfully damaged her recreational vehicle when towing it from Fort Gordon. (Doc. no. 62.) Defendant opposes the extra twenty-four requests for admission on the basis that the requests are disproportionate to the needs of the case because Plaintiff only claims $12,000 in damages. (Doc. no. 63.)

Local Rule 36 provides that "[r]equests for admission shall not exceed 25 in number, including all discrete subparts, absent leave of the Court or consent of the responding party." Fed. R. Civ. P. 36(a)(1) further states "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) . . . ." Fed. R. Civ. P. 26(b) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Here, Defendant does not contest the relevance of the disputed request for admissions and they appear to be directly relevant to Plaintiff's claims that Defendant was negligent in its treatment of her recreational vehicle. (Doc. no. 62, pp. 21-26.) Though the Court acknowledges the low amount at stake in this dispute, the burden of responding to the additional requests for admissions is low and may serve to narrow the issues for both parties in further discovery efforts. In addition, Plaintiff is *pro se* with a current Texas address which makes requests for admissions and interrogatories the most practical methods of discovery for her claims. Accordingly, the Court **GRANTS** Plaintiff's motion (doc. no. 62) and **ORDERS** Defendant to serve a response to the disputed requests for admission within thirty days of the date of this Order.

SO ORDERED this 2nd day of August, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA