IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARIA FOUNTAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-127 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Plaintiff's motion for judicial notice of damages (doc. no. 65) and motion for a protective order (doc. no. 66) to relieve her of traveling to Savannah, Georgia, for her deposition. Plaintiff alleges in the Complaint that Defendant wrongfully damaged her recreational vehicle when towing it from Fort Gordon. (Doc. no. 1.) Defendant opposes the motions, arguing damages are not the proper subject of judicial notice (doc. no. 67), and a deposition is proper in the Southern District of Georgia (doc. no. 68). For the reasons set forth below, the Court **DENIES** Plaintiff's motions for judicial notice of damages (doc. no. 65) and for a protective order (doc. no. 66).

**I.    BACKGROUND**

On June 4, 2014, Plaintiff filed suit under the Federal Torts Claim Act ("FTCA") alleging Defendant wrongfully damaged her recreational vehicle when towing it from Fort Gordon. (Doc. no. 1.)

The current discovery dispute began on July 8, 2016, when Defendant requested Plaintiff identify three dates between August 29 and September 16, 2016, when she was free for a deposition in Savannah. (Doc. no. 68, Ex. A, Attch. 1.) Plaintiff originally asked Defendant for a week to do research before responding, but then failed to follow up. (Id.) Then, on July 21, 2016, Plaintiff contacted Defendant via e-mail acknowledging receipt of a CD containing discovery but complaining that it did not comply with her request for electronically stored information ("ESI"), in part, because she could not print the information on the CD. (Doc. no. 68, Ex. B, Attch. 2.) Defendant responded that it would try to e-mail Plaintiff copies of the documents on the CD, and attempted to clarify what further ESI Plaintiff desired. (Id.) In the course of this e-mail exchange, Defendant again requested that Plaintiff identify dates she was available, and warned if she did not by July 25, Defendant would simply choose one. (Id.) Plaintiff again repeated her general claim that Defendant had not complied with ESI requests, and further alleged that Defendant's intention to depose her was in "bad faith." (Id.) Finally on July 26, 2016, after Plaintiff again failed to respond with available dates, Defendant noticed Plaintiff's deposition in Savannah, Georgia, for September 7, 2016. (Doc. no. 66, Ex. 167.)

Three weeks later, Plaintiff filed two motions. First, on August 16, 2016, Plaintiff filed a motion for judicial notice of the fact that her damages totaled $34,808.12 rather than $12,000 as Defendant contends. (Doc. no. 65.) Then, on August 18, 2016, Plaintiff filed a motion for protective order seeking the Court's protection from being deposed. (Doc. no. 66.) Defendant responded in opposition to both motions. (See doc. nos. 67, 68.)

## II. DISCUSSION

### A. Plaintiff Should Not Be Excused from Her Deposition.

Under Federal Rule of Civil Procedure 30(a), "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1). The second half of Rule 30(a) lays out four exceptions to the general rule:

> **(2)** *With Leave*. A party must obtain leave of court [to take a deposition]:
>    (A) if the parties have not stipulated to the deposition and:
>       (i) the deposition would result in more than 10 depositions being taken. . . ;
>       (ii) the deponent has already been deposed in the case; or
>       (iii) the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or
>    (B) if the deponent is confined in prison.

Id. at (a)(2).

If a party objects to giving a deposition, she may file a protective order under Federal Rule of Civil Procedure 26(c), which permits a court "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). When evaluating whether "good cause" exists, "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the deposition." Baratta v. Homeland Housewares, LLC, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985)). "Indeed, [i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." A.R. ex rel. Root v.

Dudek, 304 F.R.D. 668, 670 (S.D. Fla. 2015) (quoting Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979)).

Plaintiff raises three objections to her deposition being taken in Savannah on September 7, 2016. Each is addressed in turn below.

### 1. Amount in Controversy Does Not Bar Plaintiff's Deposition.

As stated in Rule 30, a party may depose *any* person without leave of court subject to the restrictions found in (a)(2) as long as it will lead to information that is "relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 30(a); Fed. R. Civ. P. 26(b)(1). A deposition is generally allowed as long as it meets these requirements.

Here, none of the restrictions found in (a)(2) apply. Defendant has not taken more than 10 depositions; indeed, this is the first and only it has sought to take. Plaintiff has not yet been deposed. Although Plaintiff indicates that it will be difficult for her to travel from Texas, she has not alleged that she is expected to leave the United States and be unavailable for her deposition as a result. Nor is Plaintiff a prisoner. Thus, Defendant was correct in noticing the deposition without leave of court.

Furthermore, Defendant has shown that deposing Plaintiff will lead to information relevant to claims or defenses in this case. Defendant contends it must depose Plaintiff to prepare for summary judgment or trial and to clarify Plaintiff's responses to other discovery requests. (Doc. no. 68, p. 3.) These needs are extremely relevant to the claims and defenses raised in this case.

Finally, contrary to Plaintiff's assertions, the single deposition of Plaintiff is proportional to the case. Depositions are a standard discovery tool in litigation. <u>See generally</u> Fed. R. Civ. P. 30. As such, a single deposition is well within what is proportional to the needs of the case. Furthermore, Defendant has not sought to take multiple depositions or to overburden Plaintiff with discovery. The amount in controversy, whether by Plaintiff or Defendant's measure, should not bar Plaintiff's deposition from proceeding.

## 2. Discovery Dispute Does Not Bar Plaintiff's Deposition.

Under Rule 26(d)(3), "methods of discovery may be used in any sequence . . . " and a party need not receive all discovery from an adverse party prior to a deposition. Fed. R. Civ. P. 26(d)(3)(A); <u>see</u> <u>Mungin v. Stephens</u>, 164 F.R.D. 275, 281 (S.D. Ga. 1995) ("The defendant must submit to any scheduled deposition and will not be heard to complain that he is entitled to all of his discovery from the defendant before he can be required to undergo a deposition."). Here, Plaintiff is not entitled to receive all discovery before she is deposed. Furthermore, Defendant has demonstrated a willingness to provide Plaintiff with the responsive documents Plaintiff contends it is withholding provided she identifies them clearly. (Doc. no. 68, p. 4.) In fact, in its response to Plaintiff's motion, Defendant identifies the exact location in the discovery produced of attachments to specific emails that Plaintiff complains she did not receive. (<u>Id.</u>) Since all discovery need not be completed before she is deposed and Defendant is ready and willing to correct any defects in production, Plaintiff's deposition should proceed.

### 3. Difficulty of Travel Does Not Bar Plaintiff's Deposition.

In general, plaintiffs are required to travel to the district where the suit is pending for their depositions. See Hernandez v. Hendrix Produce, Inc., 297 F.R.D. 538, 539-40 (S.D. Ga. 2014) ("[T]ypically, the defendants are entitled to depose a plaintiff in the forum where plaintiff has chosen to sue." (internal quotations omitted)). Mere inconvenience is insufficient to justify a plaintiff's refusal to appear for a deposition. See United States v. Rock Springs Vista Development, 185 F.R.D. 603, 604 (D. Nev. 1999). Only if the plaintiff shows "good cause," which involves "extreme hardship," will the Court allow a plaintiff to vary from this general rule. See id.

Here, Plaintiff has failed to show good cause for why the Court should not follow the general rule. Plaintiff cannot now complain of the inconvenience of the forum when she is the one who chose it. Furthermore, Plaintiff has made no claims of "extreme hardship"; she only contends she is "a service-connected veteran, which makes it difficult to travel to attend such deposition." (Doc. no. 66, p. 2.) This inconvenience does not rise to the level of good cause necessary to override the presumption that Plaintiff be deposed in the district in which she chose to file suit.

### 4. Defendant Timely Noticed the Deposition.

Finally, a party must give adequate notice to someone whom they wish to depose. Federal Rule of Civil Procedure 30(b)(1) states: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. . . ." Fed. R. Civ. P. 30(b)(1). The rule does not state a bright line rule as to timing of the notice;

it only must be "reasonable."  If the notice is not reasonable, the deposition may be avoided or stayed.  See Mims v. Central Mfrs. Mut. Ins. Co., 178 F.2d 56, 59 (5th Cir. 1949) (noticing several depositions on the same date in scattered locations was unreasonable); see also Kolon Industries Inc. v. E.I. DuPont de Nemours & Co., 748 F.3d 160, 173 (4th Cir 2014) (five days notice not reasonable).

Here, Defendant gave Plaintiff reasonable notice.  First, Defendant reached out to Plaintiff and requested she identify available dates within a three-week period for her deposition. (Doc. no. 68, Ex. A, Attch. 1.)  After several failed attempts to allow her to pick a date, Defendant noticed Plaintiff's deposition for six weeks in the future. (Doc. no. 66, Ex. 167.)  Defendant's multiple attempts to find a convenient date for Plaintiff and generous notice period of six weeks are well within the boundaries of reasonable notice.

None of Plaintiff's objections to her deposition being taken have merit, and Defendant properly noticed her deposition.  Accordingly, the Court **DENIES** Plaintiff's motion for a protective order (doc. no. 66).

### B. Damages Are Not a Proper Subject for Judicial Notice.

Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  However, taking judicial notice is a "highly limited process" since it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1273 (11th Cir. 2014) (quoting Dippin'

Dots, Inc. v. Frosty Bites Distribut., LLC, 369 F.3d 1197, 1205 (11th Cir. 2004)). Because of this, judicial notice should be limited to only those facts where there is no reasonable dispute. See Fed. R. Evid. 201 advisory committee's note ("With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy."). Generally, damage calculations are subject to reasonable dispute and are therefore not proper subjects for judicial review. See Steward v. Stoller, No. 2:07-CV-552, 2014 WL 1248072, at *1 (D. Utah Mar. 25, 2014); Vought v. Teamsters Gen. Union Local Council No. 662, No. 05-C-552, 2008 WL 1925146, at *1 (E.D. Wis. Apr. 30, 2008).

Here, the Federal Rules do not permit this Court to take judicial notice of Plaintiff's damages amount. Plaintiff asserts her damages are $34,808.12, and Defendant asserts Plaintiff's damages are $12,000. In light of these differing good faith calculations, damages in this case are "subject to reasonable dispute" and not "generally known within the trial court's territorial jurisdiction" or capable of being "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Furthermore, Plaintiff will have full opportunity at trial to dispute Defendant's damages amount, assert her own damages amount, and present evidence to support her claims. Accordingly, the Court **DENIES** Plaintiff's motion for judicial notice (doc. no. 65).

**III. CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiff's motions for judicial notice of damages (doc. no. 65) and for a protective order (doc. no. 66.). The Court **ORDERS** Plaintiff to appear for her deposition as noticed.

SO ORDERED this 29th day of August, 2016, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA