IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARIA FOUNTAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-127 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant seeks dismissal of Plaintiff's case because Plaintiff violated the Court's Order to sit for a deposition. The Court **REPORTS** and **RECOMMENDS** Defendant's motion for sanctions (doc. no. 72) be **GRANTED**; Plaintiff's first motion to compel discovery of electronically stored information (doc. no. 70), motion for reconsideration (doc. no. 73), motion to stay for medical reasons (doc. no. 74), and second motion to compel discovery of electronically stored information (doc. no. 86) be **DENIED AS MOOT**; Defendant's request for $162.39 in attorney's fees be **GRANTED**; the case be **DISMISSED**; and this civil action be **CLOSED**.

### I. BACKGROUND

On June 4, 2014, Plaintiff filed suit under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and 2671-2680, alleging Defendant wrongfully damaged her recreational vehicle when towing it from Fort Gordon in Augusta, Georgia. (Doc. no. 1.)

Defendant's motion for sanctions arises out of its attempt to take Plaintiff's deposition. On July 8, 2016, Defendant requested Plaintiff identify three dates between August 29 and September 16, 2016, when she was free for a deposition in Savannah. (Doc. no. 68, Ex. A, Attch. 1.) Plaintiff asked Defendant for a week to do research before responding, but then failed to follow up. (Id.) By e-mail to defense counsel on July 21, 2016, Plaintiff acknowledged receipt of a CD containing discovery but complained it did not comply with her request for electronically stored information ("ESI"), in part, because she could not print the information on the CD. (Doc. no. 68, Ex. B, Attch. 2.) On the same day, Defendant responded it would try to e-mail Plaintiff copies of the documents on the CD, and attempted to clarify what further ESI Plaintiff desired. (Id.)

In the course of this e-mail exchange, Defendant again requested available dates for Plaintiff's deposition, and warned if Plaintiff did not provide dates by July 25, Defendant would simply choose one. (Id.) Plaintiff again repeated her general claim Defendant had not complied with ESI requests, and further alleged Defendant's intention to depose her was in "bad faith." (Id.) Finally, on July 26, 2016, after Plaintiff again failed to respond with available dates, Defendant noticed Plaintiff's deposition in Savannah, Georgia, for September 7, 2016. (Doc. no. 66, Ex. 167.)

Three weeks later, on August 18, 2016, Plaintiff filed a motion for protective order which the Court denied and ordered Plaintiff to appear for her deposition on September 7, 2016, as noticed. (Doc. no. 69.) On September 1, 2016, Defendant's counsel e-mailed Plaintiff to confirm she would appear at her deposition as ordered. (Doc. no. 72-1, Ex. A.) Plaintiff responded the next day, claiming for the first time she had "pending surgery" and

would not be able to attend the deposition. (Id.) Defendant reminded Plaintiff the Court had ordered her to attend, yet also proposed alternative dates to accommodate her surgery. (Doc. no. 72-2, Ex. B.) Plaintiff refused to directly respond to Plaintiff's proposal because she was "running a fever and ha[d] the flu." (Doc. no. 72-3, Ex. C.) When Defendant pressed her on her ability to respond but not simply accept or reject its straightforward proposal, Plaintiff asked for even more time to respond. (Doc. no. 72-5, Ex. E.) Finally, less than twenty-four hours before her scheduled deposition, Plaintiff confirmed she would not attend. (Doc. no. 72-7, Ex. G.) Defendant then filed this instant motion for sanctions seeking dismissal of Plaintiff's case and $162.39 in attorney's fees. (Doc. no. 72.)

In her opposition to Defendant's motion, Plaintiff uses semantic gymnastics to argue Defendant's motion contains false or inconsistent statements. (See doc no. 79, pp. 1-3.) Plaintiff further argues the motion was filed "with ulterior motives . . . to distract this Court's attention from Plaintiff's Motion for Reconsideration. . . ," and asserts "in good faith, [she] did not believe that she was required to be at the deposition while waiting for the Court to take action on Plaintiff's Response. . . ." (Id. at 1-2.)

Plaintiff has also filed a host of motions since the Court ruled on her motion for protective order, including two motions to compel discovery of electronically stored information (doc. nos. 70, 86), a motion for reconsideration (doc. no. 73), and a motion to stay for medical reasons (doc. no. 74).

## II. DISCUSSION

### A. Plaintiff's Case Should Be Dismissed as a Sanction.

#### 1. Legal Standard for Dismissal as a Sanction.

"[O]nce a *pro se* . . . litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Federal Rule of Civil Procedure 37 grants a court wide discretion in choosing an appropriate sanction, including "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v).

"[B]ecause dismissal. . . is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith; and (2) the district court finds that lesser sanctions would not suffice." Shortz v. City of Tuskeegee, Ala., 352 F. App'x 355, 359 (11th Cir. 2009) (citing Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993)). Thus, where a Court finds both bad faith or willfulness and the insufficiency of lesser sanctions, it may appropriately dismiss a case as a sanction.

#### 2. Plaintiff's Actions Warrant Dismissal.

Dismissal is warranted because Plaintiff refused in bad faith to obey the Court's Order of August 29, 2016. Defendant repeatedly contacted Plaintiff to ensure she would attend her deposition as the Court ordered, yet Plaintiff refused to give Defendant a straight answer. Less than one week before the scheduled deposition date, Defendant even offered Plaintiff another opportunity to reschedule. (Doc. no. 72-2, Ex. B.) Plaintiff responded to

this generous offer by saying she was "not able to respond to [Defendant's] requests . . . because [she was] running a fever and ha[d] the flu." (Doc. no. 72-3, Ex. C.) Plaintiff's illness does not explain why she could not simply accept or reject the terms of Defendant's generous offer. Only after repeated entreaties, and less than a day before the deposition was scheduled, did Plaintiff definitively state she would not attend. (Doc. no. 72-7, Ex. G.) Plaintiff's constant gamesmanship, refusal to cooperate with opposing counsel, and disregard of the Court's Order are quintessential examples of bad faith.

Furthermore, Plaintiff's "excuses" for failing to comply with the Court's Order are frivolous and without merit. Plaintiff repeatedly complains about Defendant's refusal to provide her with ESI, but fails to identify with any specificity how Defendant's present production is deficient. (See, e.g., doc. no. 79, p. 2.) Defendant has diligently attempted to cure any specifically alleged deficiencies in production, even supplying Plaintiff with e-mails in their native formats as she requested. (See doc. no. 76, pp. 3-4.) Moreover, contrary to Plaintiff's assertion, Defendant is not required to produce metadata and search terms to prove it cannot find ESI regarding the date of loss of Plaintiff's contract; its good faith search and averment under oath are enough. See Hunter v. Corr. Corp. of Am., No. CV 314-035, 2015 WL 5042245, at *6 (S.D. Ga. Aug. 26, 2015) (denying motion to compel where Defendants represented "there are no documents responsive to such a request"). Plaintiff's repeated claims are just a delay tactic to prevent Defendant from deposing her.

Nor do Plaintiff's health problems excuse her failure to comply. Plaintiff first informed the Court of her need to have back surgery in her untimely filed reply to Defendant's response to her protective order. (Doc no. 71.) However, Plaintiff could have

5

easily informed the Court of these surgery dates in her original motion for a protective order, yet failed to do so. (See doc. no. 66.) Furthermore, Defendant gave Plaintiff numerous opportunities to set and reset her deposition date to accommodate her health needs, but Plaintiff refused to give Defendant an acceptable date. Plaintiff cannot at the midnight hour claim surgery prevented her from sitting for her deposition when she had ample opportunity to ensure the two did not conflict.

Finally, Plaintiff's untimely filed response (doc. no. 71) and motion for reconsideration (doc. no. 73) do not excuse her failure to comply. Plaintiff did not notify the Court of her intention to file a reply to Defendant's response as required by Local Rule 7.6. Loc. R. 7.6 ("A party intending to file a reply brief shall immediately so notify the Clerk and shall serve and file the reply within fourteen (14) calendar days of service of the opposing party's last brief.") Even if she had timely notified the Court, it need not have considered her reply before ruling on her motion. Podger v. Gulfstream Aerospace Corp., 212 F.R.D. 609, 610 n. 4 (S.D. Ga. 2003) ("the Court can rule on a motion immediately after it receives a response brief"); see also Bettis v. Toys "R" Us—Delaware, Inc., 273 F. App'x 814, 819 (11th Cir. 2008). Thus, Plaintiff's contention "she has not intentionally or otherwise refused to follow this Court's Order" is simply untrue. (Doc. no. 79, p. 4.)

Lesser sanctions will not suffice. When this case commenced, the Court instructed Plaintiff to cooperate with Defendant regarding her deposition, warning her failure to do so could result in dismissal of her case. (See doc. no. 4, pp. 2-3 (failure to cooperate with Defendants regarding deposition "may subject Plaintiff to severe sanctions, including dismissal of this case.").) Then, in its August 29th Order, the Court specifically

"**ORDER[ED]** Plaintiff to appear for her deposition as noticed." (Doc. no. 69, p. 9.) Instead of complying, Plaintiff filed a motion for reconsideration, in essence telling the Court it made the wrong decision. (See doc. no. 73.) Plaintiff completely disregarded the Court's instructions and Order by obfuscating Defendant's attempts to depose her and then failing to show up for her deposition when ordered. Allowing Plaintiff to boldly defy the Court in this manner "enables litigants to 'flout' the court's discovery orders and needlessly delay the case." Reed v. Fulton Cty. Gov't, 170 F. App'x 674, 676 (11th Cir. 2006). Thus, only the severest of sanctions will deter Plaintiff and other like her from this kind of behavior.

Therefore, because Plaintiff acted in bad faith and lesser sanctions will not suffice, the Court should **GRANT** Defendant's Motion for Sanctions and **DISMISS** Plaintiff's case as a sanction for her failure to appear at her deposition as ordered. (Doc. no. 72.)

### B. Defendant Should Be Awarded Attorney's Fees.

In addition to dismissal, Defendant requests $162.39 in fees incurred by defense counsel in preparing for the September 7, 2016 deposition. Defense counsel submitted a declaration detailing his experience, hourly rate, and work completed, including an itemization of time spent preparing to take Plaintiff's deposition. (Doc. no. 72-12.) Defense counsel declares his hourly rate as an Assistant United States Attorney of the United States Attorney's Office of the Southern District of Georgia is $162.39 per the U.S. Department of Justice guidelines. (Doc. no. 72-12, p. 2-3.) Defense counsel further declares he spent one hour preparing to take Plaintiff's deposition, as evidence by his attached itemization. (Doc. no. 72-12, p. 2, Attch. A.) Defense counsel generously excluded from the itemization time

7

spent conducting research, corresponding with Plaintiff, and preparing its motion for sanctions as well as the cost of the court reporter. (Doc. no. 72-12, p. 3.)

Instead of or in addition to the sanctions found in Rule 37(b)(2)(A)(i)-(vi), a court "must require the party failing to [attend its own deposition] to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Attorney's fees under Rule 37 are calculated by the lodestar method—"multiplying defense counsel's reasonable hours by a reasonable hourly rate." Smith v. Atlanta Postal Credit Union, 350 F. App'x 347, 349 (11th Cir. 2009). A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." M.H. v. Comm'r of the Georgia Dep't of Cmty. Health, No. 15-14227, 2016 WL 4010436, at *3 (11th Cir. July 27, 2016) (quoting Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)).

Here, given Plaintiff's conduct discussed above, attorney's fees are appropriate in this case. Furthermore, as shown above, Defendant's attorney's fees are reasonably calculated using the lodestar method. Accordingly, the Court should **GRANT** Defendant's reasonable request for attorney's fees in the amount of $162.39. (Doc. no. 72).

### C. Plaintiff's Remaining Motions Are Moot.

Plaintiff has a host of outstanding motions. (See doc. nos. 70, 73, 74, 86.) Because Plaintiff's case is ripe for dismissal, all her remaining outstanding motions should be **DENIED AS MOOT**. (Id.)

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant's motion for sanctions (doc. no. 72) be **GRANTED**; Plaintiff's first motion to compel discovery of electronically stored information (doc. no. 70), motion for reconsideration (doc. no. 73), motion to stay for medical reasons (doc. no. 74), and second motion to compel discovery of electronically stored information (doc. no. 86) be **DENIED AS MOOT**; Defendant's request for $162.39 in attorney's fees be **GRANTED**; the case be **DISMISSED**; and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of December, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA